UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ELIAS NAZARIO FERNANDEZ                        :
                                               :
              Petitioner,                      :
                                               :     08 CIV. 8243 (HB)
         -against-                             :
                                               :     OPINION & ORDER
UNITED STATES OF AMERICA                       :
                                               :
              Respondent.                      :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., United States District Judge[*]:**

  Elias Nazario Fernandez ("Petitioner" or "Fernandez"), *pro se*, petitions pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence of 111 months imprisonment. He claims ineffective assistance of appellate counsel. For the reasons that follow, the petition is DENIED.

## I. BACKGROUND

  Fernandez was arrested on June 7, 2002. After meeting with the Government in several proffer sessions in which he admitted to the distribution of heroin and cocaine, Fernandez pled guilty on October 16, 2002 to a two-count superseding information, which charged him with (i) conspiracy to distribute one kilogram or more of heroin from early 1998 through 2002 in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 846; and (ii) distributing and possessing with intent to distribute approximately 300 grams of heroin in violation of §§ 841(a)(1), 841(b)(1)(A). Fernandez entered his plea pursuant to a cooperation agreement in which the Government agreed to move for a downward departure pursuant to U.S.S.G. § 5K1.1 (hereinafter "5K1.1") if Fernandez, among other things, truthfully and completely disclosed all information regarding any matter into which the Government inquired. In early 2003, as the Government prepared for trial against Mayra Fernandez (Petitioner's daughter and co-conspirator), the Government learned that Petitioner had extensive drug dealings with his daughter, contrary to Petitioner's repeated statements during the proffer sessions. The Government then met with Fernandez and warned him that no 5K1.1 letter would be forthcoming unless Fernandez fully

---

[*] Mark McDonald, a second year law student at New York University School of Law, and a 2009-2010 intern in my Chambers, provided substantial assistance in researching and drafting this Opinion.

1

disclosed what he knew about his daughter's criminal activity. Fernandez refused to do so. As a result, the Government determined that Fernandez had been untruthful and did not submit a 5K1.1 letter on Fernandez's behalf.

On January 9, 2004, Fernandez appeared for sentencing. Pursuant to 21 U.S.C. § 841(b)(1)(A), Fernandez was subject to at least a statute-mandated minimum term of 120 months imprisonment. Sentencing was adjourned when Fernandez indicated that he was willing to engage in a safety-valve proffer pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. The safety valve provisions allow for a sentence below the statutory minimum and, in addition, mandates a two-level decrease in the Guidelines offense level, *see* U.S.S.G. § 2D1.1(b)(11).[1] In order to qualify for safety-valve relief, Fernandez had to, among other things, "truthfully provide[] to the Government all information concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5). During his safety-valve proffer on January 13, 2004, Fernandez admitted that he had previously lied to the Government about the extent of his drug dealings with his daughter, and admitted that he had made regular purchases from her amounting to approximately thirteen kilograms of heroin. Fernandez again appeared for sentencing on January 26, 2004. He was found to qualify for safety-valve relief; however, unfortunately for Fernandez the new information he proffered about the additional drug quantities *increased* the applicable Guidelines offense level by two levels, which cancelled out the two-level benefit he received from the safety valve proffer. Accordingly, this Court sentenced Fernandez to 135 months imprisonment, the minimum under the then-binding applicable Guidelines range.

Fernandez appealed his sentence. While his appeal was pending, the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), struck down those portions of the Sentencing Reform Act that made the Guidelines mandatory. The Second Circuit remanded all cases that were pending on direct appeal "for the more limited purpose of permitting the sentencing judge to determine whether to resentence, now fully informed of the new sentencing regime, and if so, to resentence." *United States v. Crosby*, 397 F.3d 103, 117 (2d Cir. 2005). Upon remand, Fernandez appeared for resentencing before this Court on August 23, 2006. For the reasons stated on the record, recognizing both aggravating and mitigating factors, I reduced Petitioner's sentence to 111 months imprisonment. Fernandez again appealed his sentence. As in

---

[1] At the time, this provision was found at U.S.S.G. § 2D1.1(b)(6). *See United States v. Castellanos*, 355 F.3d 56, 58 (2d Cir. 2003).

Fernandez's first appeal, appellate counsel moved to withdraw, supported by a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), on the grounds that there were no non-frivolous issues on appeal. The Second Circuit granted the motion to withdraw and summarily affirmed this Court's decision on September 7, 2007.

Fernandez filed this petition pursuant to 28 U.S.C. § 2255 on September 3, 2008 and on April 3, 2009 moved to add his medical records as Exhibit A to his petition. The Government replied on August 17, 2009.

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2255, relief is provided on the ground that a prisoner is in custody in violation of the Constitution or laws or treaties of the United States. *See Davis v. United States*, 417 U.S. 333, 344 (1974). To prevail on a § 2255 claim, petitioner must show either that (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; or (3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(b); *see also Rosario v. United States*, 625 F. Supp. 2d 123, 126 (S.D.N.Y. 2008). The statute further provides that if any of the grounds enumerated above are present, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III.  DISCUSSION

**A.     Ineffective Assistance of Appellate Counsel**

Petitioner seeks a writ of *habeas corpus* based on claims that he did not receive effective assistance of appellate counsel as guaranteed by the Constitution. *See Pena v. United States*, 534 F.3d 92, 94 (2d Cir. 2008). More specifically, Petitioner alleges that his appellate counsel was ineffective by failing to argue that (1) this Court imposed a sentence greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2) and (2) the sentence imposed exceeded the maximum permissible based on the facts to which Petitioner pled guilty.[2]

---

[2] The petition purports to assert four grounds for relief. However, the first and second grounds are essentially the same: the first alleges appellate counsel was ineffective in failing to argue that the sentence imposed was "greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2)," while the second ground alleges counsel was ineffective in failing to argue that the sentence imposed was greater than necessary to reflect the purposes set forth in § 3553(a)(2)(A), though here Petitioner spells out those purposes rather than explicitly citing to the Code section. The only possible difference is that the second ground does not specify whether Petitioner means

3

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Wiggins v. Smith*, 539 U.S. 510 (2003); *Henry v. Poole*, 409 F.3d 48, 63 (2d Cir. 2005). Thus, to prevail on an ineffective assistance of counsel claim, the defendant must show that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) he was prejudiced by his counsel's deficient representation. *See Strickland,* 466 U.S. at 687; *Brown v. Greene*, 577 F.3d 107, 118 (2d Cir. 2009). The proper measure of an attorney's performance is "reasonableness under prevailing professional norms." *Wiggins*, 539 U.S. at 521. Prejudice is shown if, but for the deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different. *Id.* at 534.

This analysis applies where, as here, a habeas petitioner alleges appellate counsel was ineffective in moving to withdraw pursuant to *Anders* rather than pursuing a meritorious issue. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000). In this context, the reasonableness prong of the ineffective assistance test requires that Petitioner show that his appellate counsel "unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Id.* In other words, to succeed on the reasonableness prong "it is only necessary for [Petitioner] to show that a reasonably competent attorney would have found one nonfrivolous issue warranting a merits brief." *Id.* at 288. In addition, however, Petitioner must demonstrate prejudice by showing "a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." *Id.* at 285. The reasonableness prong need not be

---

appellate counsel or counsel at sentencing, a possible distinction that I address below. Likewise, the third and fourth grounds are essentially the same. The third ground alleges that appellate counsel was ineffective in failing to argue that the sentence imposed "violates [Petitioner's] right to due process" because it was greater than the maximum Guidelines sentence permitted based on the facts to which he pled guilty. The fourth ground alleges that appellate counsel was ineffective in failing to argue that the sentence was imposed in violation of Petitioner's Sixth Amendment right to have facts that increase his sentence found by a jury beyond a reasonable doubt. Both grounds clearly allude to a *Booker* violation; however, both grounds are based on an erroneous interpretation of that decision. As to the third ground, *Booker* only requires that a jury find facts to support a sentence above the applicable *statutory* maximum; the Guidelines maximum, now that it is merely advisory, is not the "statutory maximum." *See Booker*, 543 U.S. at 259. As to the fourth ground, the Supreme Court's remedial opinion in *Booker* explicitly left intact the Sentencing Reform Act's system of judicial factfinding—even when it increases a sentence—as long as judge-found facts are not necessary to support a sentence that exceeds the statutory maximum. *See id.* at 252-54. However, taken together and construed in Petitioner's favor, I presume that the third and fourth grounds allege that appellate counsel was ineffective in failing to argue that the sentence imposed was greater than the maximum sentence permitted by statute based on the facts to which he pled guilty in violation of the Sixth Amendment, which, while not satisfied by the facts of this case, is still a potentially valid claim. *See id.* at 244.

addressed first "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice." *Id.* at 286 n.14 (quoting *Strickland*, 466 U.S. at 697).

It is difficult to see how a § 2255 petitioner, like the one at bar, could ever successfully demonstrate ineffective assistance of appellate counsel where an *Anders* motion has been granted by the Second Circuit. If counsel's representation fell below an objective standard of reasonableness, as Petitioner is required to show under *Strickland* and *Smith*, the Court of Appeals would not have granted her motion to withdraw. *See Whitley*, 503 F.3d at 76 ("[The Second Circuit] will not grant an *Anders* motion unless [it is] satisfied that counsel has diligently searched the record for any arguably meritorious issue in support of his client's appeal, and defense counsel's declaration that the appeal would be frivolous is, in fact, legally correct." (internal quotation marks omitted)); *see also Anders*, 386 U.S. at 744 (holding that effective assistance in this context requires only that counsel's *Anders* brief "must . . . refer[] to anything in the record that might arguably support the appeal"). The Court of Appeals—after conducting its own independent review of the record—has by granting the *Anders* motion already ruled that Petitioner's appeal would have been frivolous. Thus, even if appellate counsel was unreasonably deficient in failing to identify and mention an arguably meritorious issue in her *Anders* brief, there is no reasonable probability that but for this deficiency the outcome of the appeal would have been different since the Circuit concluded that there was in fact no meritorious issues to raise. *See, e.g., Perez v. United States*, No. 08 Civ. 6558 (JFK), 2010 WL 23329 (S.D.N.Y. Jan. 5, 2010)("by granting summary affirmance, the Court of Appeals clearly agreed with counsel's conclusion that issues for appeal currently raised by Petitioner lack merit.").

However, out of an abundance of caution, I have considered the claims of the Petitioner, and find that the two issues now raised by Petitioner would have been frivolous on direct appeal. As a result, I conclude that appellate counsel was not unreasonable in omitting mention of them from her *Anders* brief, and, further, there is no reasonable probability that the outcome of the appeal would have been different had she fully briefed them. *See Smith*, 528 U.S. at 285.

### 1. "Parsimony Clause" Argument

First, Petitioner contends that appellate counsel should have argued that the sentence imposed was unreasonable because it was "greater than necessary" to accomplish the goals of 18 U.S.C. § 3553(a)(2). These goals include the need for the sentence imposed (i) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (ii) to afford adequate deterrence to criminal conduct; (iii) to protect the public from

further crimes of the defendant; and (iv) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  § 3553(a)(2) (A) – (D).  According to the "parsimony clause" in the statute, "[t]he court shall impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes of [§ 3553(a)(2)]." 18 U.S.C. § 3553(a) (emphasis added).

Neither Fernandez nor his attorney raised the parsimony clause at his resentencing.[3] Where the defendant does not raise this clause as an issue before the sentencing court, the Second Circuit "do[es] not assume from the [district] court's failure specifically to reference that clause that the court has ignored its mandate." *United States v. Ministro-Tapia*, 470 F.3d 137, 141 (2d Cir. 2006).  On the contrary, "absent record proof showing otherwise…the district court's awareness of and compliance with this statutory sentencing obligation" is presumed.  *Id.* This Court discussed on the record factors weighing on both sides of its decision.  These included, on the one hand, the significant amount of drugs involved and the fact that Fernandez was not entirely truthful, and, on the other hand, the difficulty of testifying against one's own daughter and Fernandez's otherwise clean record, advanced age and detiorating health.  Most significantly, this Court actually noted that there is now some discretion afforded sentencing judges under § 3553(a)— i.e. the parsimony clause.  In exercise of that discretion, this Court explained:

> I agree that the guideline calculation that the Probation Department reached was appropriate, but by the same token, I think a []guideline sentence here, based on all of the reasons that I've spelled out and the reasons set forth in the various communications, is probably not the most appropriate sentence under the circumstances, but by the same token, I am not sure that a significant reduction is appropriate.

Sentencing Hr'g Tr. at 15 (Aug. 23, 2006).  In other words, this Court, after careful consideration, concluded that a sentence of 111 months imprisonment struck the appropriate balance, i.e., was sufficient but not greater than necessary, to achieve the goals of § 3553(a)(2),

---

[3] It is possible to interpret Petitioner's second ground for relief not as a claim for ineffective assistance of appellate counsel, but as a claim for ineffective assistance of counsel at the August 23, 2006 resentencing hearing for failure to bring the parsimony clause to the Court's attention.  This understanding of Petitioner's claim would also be insufficient.  Even if I were to assume such a failure by counsel would be objectively unreasonable, which is far from clear, the fact that the Court's reasoning displayed an awareness of the parsimony clause means that there is no reasonable probability that the Court's sentencing decision would have been different had counsel asked the Court to consider the clause.  *See Wiggins*, 539 U.S. at 534.

including the need to reflect the seriousness of the offense, *see* § 3553(a)(2)(A), and the need for adequate deterrence, *see* § 3553(a)(2)(B), while also recognizing Petitioner's medical needs, *see* § 3553(a)(2)(D). While the Court may not have invoked the magic words *sufficient, but not greater than necessary*, it is clear that this is what was considered, and Petitioner provides no proof to the contrary. *See Ministro-Tapia*, 470 F.3d at 141. Any argument that Petitioner's sentence was the product of procedural error for failure to consider that mandate would have been frivolous.

The sentencing decision was appropriate. After it conducts an "independent review of the sentencing factors," a district court is "generally free to impose sentences outside the recommended range" so long as the court "consider[s] the extent of the deviation and ensure[s] that the justification is sufficiently compelling to support the degree of the variance." *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). This Court actually imposed a sentence *two years below* the Guidelines range and gave reasons—significant amount of drugs, lying to the Government—why a more "significant reduction" would not be appropriate under § 3553(a). Accordingly, this Court imposed a sentence that was appropriate, and an "informed and individualized judgment" that was "sufficient, but not greater than necessary" to meet the purposes of sentencing. *Id.*

### 2. *Booker* Argument

Second, Petitioner contends that appellate counsel should have argued that this Court improperly sentenced him to a range above that authorized by the facts to which he pled guilty in violation of his Sixth Amendment right to a trial by jury.[4] *See Booker*, 543 U.S. at 244. The Supreme Court has held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. After *Booker* rendered the Sentencing Guidelines

---

[4] As a preliminary matter, the Government argues that this issue has been waived because it was not raised at the resentencing hearing or on direct appeal. *See DeJesus v. United States*, 161 F.3d 99, 102 (2d Cir. 1998) ("[I]f a petitioner fails to assert a claim on direct review, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom . . . ."). But the Government misconstrues Petitioner's claim; rather than raising the *Booker* argument directly, Fernandez now argues that his appellate counsel was ineffective in failing to raise the issue on direct appeal. The ineffectiveness-of-appellate-counsel claim is not barred. *See Bahadar v. United States*, 141 F.3d 1151 (2d Cir. 1998) (Table) (holding that, even though § 2255 petitioner was barred from raising directly for the first time in his § 2255 petition issues that could have been raised on direct appeal, petitioner was *not* barred from challenging his appellate counsel's effectiveness on grounds that the latter unreasonably failed to raise those underlying issues on direct appeal).

advisory only, the Sixth Amendment prohibits federal judges from finding facts necessary to impose a sentence greater than the maximum permitted by the applicable statute; as long as the sentence imposed does not exceed the statutory maximum, the Court is permitted to find facts to support its sentencing decision. *Rita v. United States*, 551 U.S. 338, 352 (2007); *United States v. Cuevas*, 496 F.3d 256, 265 (2d Cir. 2007); *United States v. Florez*, 447 F.3d 145, 156 (2d Cir. 2007). Here, Fernandez was subject to a statutory maximum of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). Obviously, the sentence imposed by this Court—less than ten years—comes nowhere near that maximum.[5] Therefore, any argument that Fernandez was denied his constitutional right to have certain facts found by a jury beyond a reasonable doubt would have been completely frivolous on direct appeal. *See Cuevas*, 496 F.3d at 265.

## IV. CONCLUSION

For the foregoing reasons, Fernandez's petition pursuant to 28 U.S.C. § 2255 on the basis of ineffective assistance of appellate counsel is DENIED. A certificate of appealability will not issue because Petitioner has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253. The Clerk of Court is instructed to close this case and any open motions and remove it from my docket.

SO ORDERED
April 14, 2010
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.

---

[5] Thus I need not consider what facts, if any, I "found" that were not established by the plea or admitted by Fernandez. *See Booker*, 543 U.S. at 244.